UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michael Jackson**<br>**3559 East 138 Street**<br>**Cleveland, Ohio 44120**<br><br>     **Plaintiff,**<br>   **v.**<br><br>**Riexinger & Associates, LLC**<br>**3100 Breckinridge Boulevard, Suite 722**<br>**Duluth, Georgia 30096**<br><br>**and**<br><br>**JOHN AND JANE DOES 1-10**<br><br>     **Defendants.** | **CASE NO.: _____**<br><br>**JUDGE**<br><br><br>**COMPLAINT**<br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Michael Jackson, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Riexinger & Associates, LLC (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

### JURISDICITON

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.  Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Michael Jackson (hereafter "Plaintiff"), is an adult individual whose residence is in Cleveland, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Riexinger & Associates, LLC ("Riexinger"), is a Georgia business entity with an address of 3100 Breckinridge Boulevard, Suite 722, Duluth, Georgia 30096, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the Riexinger, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Riexinger at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Riexinger for collection, or Riexinger was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Riexinger Engages in Harassment and Abusive Tactics**

## FACTS

12. Within the last year, Riexinger contacted Plaintiff in an attempt to collect the Debt.

13. On December 7, 2013, Plaintiff mailed the Defendant via certified mail a timely notice disputing the Debt, and requested that Riexinger provide Plaintiff with validation of the Debt. The letter was confirmed as received by Riexinger on December 16, 2013.

14. Despite having received Plaintiff's letter, Riexinger placed over five calls to the Plaintiff in an attempt to collect the Debt prior to providing Plaintiff with validation of the Debt.

**C. Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, frustration and embarrassment.

## COUNT I

### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

19. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

20. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, et seq.)
### (Against Defendants United only)

22. The Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

23. The Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

24. The Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

25. At all relevant times the Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

26. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

27. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

28. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

29. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

30. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

31. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Such other and further relief as this Court may determine to be just and proper.

Dated: June 16, 2014

        Respectfully submitted,

        By:   /s/ *Sergei Lemberg*

        Sergei Lemberg, Esq.
        LEMBERG LAW, L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Email: slemberg@lemberglaw.com

        Attorneys for Plaintiff:
        Michael Jackson

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

          /s/ *Sergei Lemberg*
        Sergei Lemberg, Esq.